TANZER, J.
Defendant appeals from a forgery conviction, assigning as error the denial of his motion to suppress as evidence certain bank checks.[1]
The officers were aware at the time of their search that on July 10,1976, two people committed an armed robbery of a grocery store in Portland. One robber entered the store; the other drove the car. The one in the store wore a mask, but a general description was given by the witnesses. The driver was described as a white female, 18-19 years old, with straight blonde hair past her shoulders. The witnesses gave a description of the car, including its license number.
The next day, the police spotted a car of the same description and license number parked near a Fred Meyer store parking lot in the same general area of the city as the grocery which had been robbed. There were three males in the car. The right front passenger fit the general description of the male robber. The defendant came out of the store with two bags of groceries. He fit generally the physical description of the getaway driver, except for being a male — a distinction which is not always as apparent these days as it once was.
The officers stopped the car and arrested the occupants. No weapons were found on any of them. After being advised of his rights, defendant identified himself as Stephen Straub and had identification of Stephen Straub in his wallet. The officers then seized the car as evidence and searched it. They were looking for the gun, mask and clothing used in the robbery plus cash which had been taken in a brown paper bag. Upon removal of the rear seat, an officer found a brown paper bag directly below where defendant had *[312] been sitting. Inside the bag was an envelope. The officer looked inside the envelope to see if any of the stolen cash was inside. He found no cash, but he did find 14 identical checks of the Knappa Mobile Court in Scappoose, Oregon, all made out to Stephen A. Straub for $143.62, together with a list of 18 addresses, three of which had been crossed out.[2] The officer seized the checks, concluding that they were probably involved in some sort of criminal activity.
Because the car matched the description and license number of that used in a robbery the preceding day, there was probable cause to justify the seizure and search of the car. State v. Keith, 2 Or App 133, 465 P2d 724 rev den (1970). The finding of 14 identical checks of the Knappa Mobile Court to Stephen A. Straub for $143.62, together with a list of 18 addresses, three of which had been crossed out, all found in a paper bag concealed under the seat of an automobile, is sufficient to constitute probable cause to believe that the checks were fruits of the crime of theft and evidence of the crime of forgery. The seizure was therefore justified and valid. The motion to suppress them as evidence was properly denied.
Affirmed.

 Defendant also assigns the failure to suppress a custodial statement. The case was tried on stipulated facts which did not include reference to the custodial statements. Therefore the admissibility of the nonadmitted statement is not presented on appeal.

 Another check had just been passed at the Fred Meyer store. It is the basis of this charge.